Argued and submitted October 31, 2007, remanded for resentencing;
otherwise affirmed February 20, 2008

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# LARRY WAYNE LOFTIN,
*Defendant-Appellant.*

Washington County Circuit Court
C053471CR; A132948

178 P3d 312

Ernest Lannet, Deputy Public Defender, argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, Legal Services Division, and Jamesa J. Drake, Deputy Public Defender, Office of Public Defense Services.

Timothy Sylwester, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant was convicted of one count of second-degree robbery, ORS 164.405, and one count of second-degree assault, ORS 163.175. On appeal, defendant raises a pre-served contention that, under the rationale of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), the sentencing court erred in imposing sentences that were partially consecutive to each other on those convictions, based on the court's finding made pursuant to ORS 137.123(5)(a). After the parties briefed this case, but before oral argument, the Oregon Supreme Court decided *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), in which it held that judicial factfinding in support of consecutive sentences pur-suant to ORS 137.123(5), as occurred in this case, violated the Sixth Amendment to the United States Constitution under the principles articulated in *Blakely*. The parties have submitted post-argument supplemental memoranda addressing *Ice*. Defendant maintains that *Ice* is controlling; the state argues that *Ice* is distinguishable because, given the nature of defendant's convictions here, the court could, as a matter of law, impose a consecutive sentence without engag-ing in any factfinding. As explained below, we agree with defendant that *Ice* is controlling and, accordingly, remand for resentencing.

We briefly summarize the facts from trial, in the light most favorable to the state. The victim sought to buy methamphetamine from defendant and gave defendant money for that purpose. Defendant then pulled what appeared to be a gun and threatened the victim. Ultimately, after a physical struggle, defendant pistol-whipped the vic-tim with the gun and left the scene with the victim's money. The victim then called the police. At trial, the victim expressed extreme reluctance to testify against defendant—and ultimately testified in such a manner as to try to take full responsibility for the altercation between himself and defen-dant, even going so far as to suggest that defendant had a right to hit him because the victim had touched defendant in the context of trying to retrieve his money. Other evidence, however, supported the victim's initial report of what had

occurred. The jury unanimously convicted defendant on both counts.

At sentencing, the court received information pertaining to defendant's extensive criminal history, gang affiliation, and recent gang activity. The court also received information from which it could infer that the victim's extreme reluctance to testify stemmed from threats by defendant's gang affiliates. The state asked the court to impose consecutive mandatory minimum sentences of 70 months for each offense, arguing that, "although these two crimes occurred out of the same incident, the assault was not incidental to the robbery. It showed an indication on the part of the defendant to go above and beyond that."

Defendant argued that, under *Blakely*, jury findings would be required to support the imposition of consecutive sentences. With respect to the relationship of the assault and the robbery, defense counsel minimized the crimes as involving a victim who "tried to buy a $20 bag of meth and the deal went bad and he got his face scratched."

The trial court rejected defendant's *Blakely*-based objection without elaboration. In determining what sentence was appropriate, the court made several remarks that have some bearing on the issue at hand. First, the court remarked on the fact that the victim "comes in here and he's apologizing to you for the fact that you robbed him. Well, that tells me a couple of things. That tells me he's very, very scared of you, you know, and very, very scared of your friends, you know." The court further told defendant, "I disagree somewhat with your attorney about just a scratch on the face. Because this situation had the potential to be lethal." The court noted that, although defendant's position had been that the gun was a fake, "you're a gang member and—you know, the leader of a gang, and it's kind of hard for me to believe that you'd be walking around with just a fake $CO_2$ pistol." The court continued that, although the incident might not have turned out in "the worst way it could have, it was something that had a great potential for people to be hurt and maybe even killed." The court concluded: "I do make a finding that the assault was not incidental to the robbery charge, and so I do believe that this qualifies for a consecutive sentence."

The court therefore imposed a 72-month guidelines presumptive sentence on the robbery conviction, and a 70-month mandatory minimum sentence pursuant to ORS 137.700 on the assault conviction, with 26 months of the latter sentence to run consecutively to the 72-month sentence. In the judgment, the court specified that the partially consecutive sentence on the assault conviction was imposed pursuant to ORS 137.123(5)(a).

■　　　On appeal, defendant reiterates his argument that imposition of consecutive sentences requires factfinding, and judicial factfinding of this sort at sentencing is unconstitutional under the Sixth Amendment to the United States Constitution, as interpreted in *Blakely* and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). The state acknowledges the Oregon Supreme Court's recent holding in *Ice* that factfinding under ORS 137.123 ran afoul of the Sixth Amendment. It argues, however, that the trial court's imposition of consecutive sentences here was "right for the wrong reason." Specifically, the state contends that, under certain circumstances, which are present here, ORS 137.123 permits a court to impose consecutive sentences based on legal conclusions rather than on factual findings.

ORS 137.123(5) provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a)　That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b)　The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

The state argues that paragraph (a) requires a three-step process: *First*, the court determines, *as a matter of law*, whether the two convictions are based on crimes that are equally "serious"—that is, that neither crime is (again, as a matter of law), a "more serious crime" than the other. If so, the sentencing court has unlimited discretion to impose a consecutive sentence. *Second*, if the crimes are not equally "serious," the court may then impose a consecutive sentence on the conviction for the lesser offense if that offense was not "incidental" to the commission of the other, greater offense. *Third*, even if the conviction is for a lesser offense that was "incidental" to the commission of a greater offense, the court can still impose a consecutive sentence if the lesser offense was not "merely incidental" but, rather, demonstrated "defendant's willingness to commit more than one criminal offense." ORS 137.123(5)(a).[1]

In sum, the state posits:

> "By its plain terms, paragraph (a) does not limit a court's authority to impose consecutive sentences when the convictions are for equally serious offenses. Rather, it requires the court to resolve the 'not merely incidental' and 'willingness to commit more' questions only when one of the offenses is 'more serious' than the other."

The state's argument here is premised on the first, "matter of law" inquiry in its proposed methodology. Specifically, the state contends that, as a matter of law, second-degree assault and second-degree robbery are equally "serious" offenses because both are Class B felonies. Thus, the state asserts, the sentencing court was entitled to impose a consecutive sentence without engaging in any factfinding—and the trial court's rendition of findings in this case was extraneous.

Before examining the state's arguments concerning the operation of ORS 137.123(5)(a) in detail, we briefly

---

[1] In a similar vein, the state posits that, under ORS 137.123(5)(b), it is possible for a sentencing court, in some circumstances, to impose consecutive sentences without making any factual findings that would implicate *Blakely* and *Apprendi*. We do not address the state's arguments pertaining to paragraph (b), as the sentencing court in the present case specifically made findings to support a consecutive sentence under paragraph (a) of the statute.

recount the pertinent case law. Without going into the many nuances of the United States Supreme Court's opinions, we note briefly that the Court in *Apprendi* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 US at 490. In *Blakely*, the Court further held that that rule precluded judicial factfinding under a sentencing guidelines scheme in which the court may impose upward departure sentences based on findings of fact. 542 US at 301. In *State v. Dilts*, 337 Or 645, 103 P3d 95 (2004), the court held that *Blakely* precluded judicial factfinding in support of upward departure sentences under Oregon's sentencing guidelines.

In *State v. Tanner*, 210 Or App 70, 150 P3d 31 (2006), we confronted the question of whether the *Blakely* holding applied to findings made pursuant to ORS 137.123 in support of consecutive sentences. In a closely divided en banc decision, we concluded that the *Blakely* holding did not apply to judicial determinations pertaining to consecutive sentences. Although that decision was superseded by the contrary holding in *Ice*, we mention it because both the majority and the dissenting opinions in that en banc decision rejected the notion that ORS 137.123(5)(a) calls for a "legal conclusion[ ]" rather than a finding of fact. 210 Or App at 74 (majority concluding that ORS 137.123(5)(a) requires factual findings); *id.* at 89-90 (Haselton, J., dissenting) (ORS 137.123(4) and (5) require factual findings).

Finally, in *Ice*, the Supreme Court framed the dispositive question as whether the Sixth Amendment "requires that a jury, rather than a judge, find the *facts* that Oregon law requires be present before a judge can impose consecutive sentences." 343 Or at 250 (emphasis added). There, the sentencing court, in imposing consecutive sentences on the defendant's convictions for first-degree burglary and first-degree sexual abuse, first found that those crimes arose from a "continuous and uninterrupted course of conduct." ORS 137.123(2). The sentencing court then made alternative findings under ORS 137.123(5)(a) and (b) to support the imposition of consecutive sentences on those convictions. *Ice*, 343 Or

at 252-53. In particular, the sentencing court found, pursuant to ORS 137.123(5)(a), " 'an indication of [the defendant's] willingness to commit more than one criminal offense' "; the court further found, pursuant to ORS 137.123(5)(b), that the defendant " 'caused or created a risk of causing greater, qualitatively different loss, injury or harm to the victim.' " *Ice*, 343 Or at 253.

On appeal, the Supreme Court concluded that "consecutive sentencing as it occurred in the present case" implicated the rule of law from *Blakely*. *Ice*, 343 Or at 265. The court observed that, "under ORS 137.123, consecutive sentencing in this state is not simply a matter of judicial discretion, but can be imposed only after the sentencing judge has made certain legislatively required findings." *Id.* The court explicitly concluded that, under ORS 137.123, "additional factfinding [beyond the jury's verdict]—*judicial* factfinding—is required to justify consecutive sentencing." *Id.* at 265-66 (emphasis in original). Specifically, the court concluded that the trial court made factual findings under ORS 137.123(2), (4), and (5), and that, because those "findings were not made by a jury, but were used to increase defendant's punishment beyond the aggregate statutory maximum that the jury's verdict alone would support," the defendant's Sixth Amendment rights were violated. *Id.* at 267. Thus, in *Ice*, the majority's analysis was predicated on the assumption that ORS 137.123(2) and (5) require factual findings—and the dissenting judges did not challenge that assumption. *See id.* at 270 (Kistler, J., dissenting) (*Apprendi* and *Blakely* do not apply to "every factual finding that a trial court makes during sentencing").

In sum—and notwithstanding the diversity of analyses advanced in the majority and dissenting opinions in both *Tanner* and *Ice*—none of those opinions, or any other Oregon appellate opinion, suggests that the application of ORS 137.123(5)(a) depends on, and proceeds from, the threshold "matter of law" inquiry the state posits here.

We return to the state's argument that this case is distinguishable from *Ice*. As noted above, the success of that argument depends on the premise that, if the crimes in question are of equally "serious" crime classification, consecutive

sentences may be imposed without factual findings under ORS 137.123(5).[2] That is (in the state's words) that ORS 137.123(5) does not limit "the court's authority to impose a consecutive sentence on a conviction for an offense that is *equally serious*." (Emphasis in original.)

■       That premise is fundamentally flawed in that it assumes that consecutive sentences are *authorized unless prohibited* by ORS 137.123(5). A careful reading of the statute, however, reveals that the opposite is true: In circumstances such as this one, which involve multiple crimes arising out of a continuous and uninterrupted course of conduct, consecutive sentences are *prohibited unless authorized* by ORS 137.123(5).

Reviewing the pertinent language of the statute in context, ORS 137.123(1) provides that a "court may provide for consecutive sentences *only* in accordance with the provisions of this section." (Emphasis added.) Moreover, a sentence "shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences." *Id.* ORS 137.123(2) further provides that the court may impose consecutive or concurrent sentences "for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct," or when the defendant has a previous sentence that has not yet been completed. ORS 137.123(3) requires the court to impose a consecutive sentence if a defendant commits a new crime while incarcerated after sentencing on a previous crime.

ORS 137.123(4) indicates that, if a defendant is being sentenced for more than one offense that arises out of a continuous and uninterrupted course of conduct, "the sentences imposed for each resulting conviction *shall be concurrent* unless the court complies with the procedures set forth in subsection (5) of this section." (Emphasis added.) Finally,

---

[2] For purposes of this discussion only, we accept the state's secondary premise that, for purposes of ORS 137.123(5), the relative "seriousness" of offenses is determined—indeed, determined exclusively—by reference to their respective crime classifications. That is, that two offenses, regardless of their character, which are both classified as Class C felonies, are, necessarily, equally "serious." We imply no view as to the correctness of that assumption.

and very significantly, subsection (5) gives the court "discretion to impose consecutive" sentences when the offenses arise out of a continuous and uninterrupted course of conduct, but "*only* if the court *finds*" that the requirements of ORS 137.123(5)(a) or (b) have been met. (Emphasis added.) *See Ice*, 343 Or at 265 ("At least with respect to offenses that arise out of the same continuous and uninterrupted course of conduct, the jury's issuance of multiple guilty verdicts will *only* support concurrent sentences, unless the judge makes [certain legislatively required] findings." (Emphasis in original.)).

Thus, a trial court can impose consecutive sentences on convictions for offenses arising from "a continuous and uninterrupted course of conduct," ORS 137.123(5), *only* based upon the findings prescribed in ORS 137.123(5)(a) or (b). Or, phrased negatively, a trial court has no authority to impose such a sentence if the requisite findings have not been rendered. The statutorily prescribed conditions are the essential prerequisite to the imposition of consecutive sentences in those circumstances; absent such findings, the sentences must be concurrent.

Reduced to its essentials, the state's position is that, in some circumstances (*viz.*, when the crimes are "equally serious"), consecutive sentences for offenses for convictions "arising out of a continuous and uninterrupted course of conduct" *can* be imposed without the findings prescribed in ORS 137.123(5)(a) or (b). That contention is literally irreconcilable with the statutory mandate that the trial court has discretion to impose consecutive sentences "only" based on the findings prescribed in paragraphs (5)(a) or (b).

Ultimately, the state seeks, in effect, to add an exception to the unqualified "only if" language of ORS 137.123(5)—and, thus, to expand the limited and exclusive statutory authority to impose consecutive sentences for crimes based on convictions "arising out of a continuous and uninterrupted course of conduct." ORS 137.123(5). Under the state's understanding, ORS 137.123(5) would provide:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct:

"*(a)   If the convictions are for offenses of equal crime seriousness classification; or*

"*(b)   If the offenses are not of equal crime seriousness classification, only if the court finds:*

"*(i)*   That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"*(ii)*   The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

(Additional material in italics.)

That effort must fail. *See* ORS 174.010 (in construing statutes, courts are "not to insert what has been omitted, or to omit what has been inserted").

In sum, the sentencing court erroneously imposed a consecutive sentence pursuant to ORS 137.123(5)(a) based on impermissible judicial factfinding. *Ice,* 343 Or at 267.

Remanded for resentencing; otherwise affirmed.