On appellant's petition for reconsideration filed February 14, respondent's response to petition for reconsideration filed February 14, and appellant's reply to respondent's response to appellant's petition for reconsideration filed February 14, affirmed without opinion (215 Or App 112, 168 P3d 338 (2007)); reconsideration allowed; remanded for resentencing; otherwise affirmed April 16, 2008

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ERIC CHRISTOPHER MILLS,
aka Erick Christopher Mills,
*Defendant-Appellant.*

Multnomah County Circuit Court
040431756; A127453

182 P3d 889

Shawn Evans Wiley for petition.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals, for response.

Before Brewer, Chief Judge, and Ortega, Judge, and Deits, Judge pro tempore.

BREWER, C. J.

## BREWER, C. J.

Defendant was convicted of one count of rape in the first degree, ORS 163.375; two counts of sexual abuse in the first degree, ORS 163.427; one count of kidnapping in the first degree, ORS 163.235; and one count of robbery in the first degree, ORS 164.415. The trial court classified the kidnapping conviction as the primary offense and imposed a statutory minimum sentence of 90 months' imprisonment on that conviction. ORS 137.700. The court sentenced defendant to a 100-month statutory minimum on the rape conviction and a 90-month statutory minimum on the robbery conviction and ordered that those sentences be served consecutively to the 90-month sentence for kidnapping and to each other. ORS 137.700; ORS 137.123.[1] Finally, the court sentenced defendant to 75 months' imprisonment on each of the sexual

---

[1] ORS 137.123 provides, in part:

"(1) A sentence imposed by the court may be made concurrent or consecutive to any other sentence which has been previously imposed or is simultaneously imposed upon the same defendant. The court may provide for consecutive sentences only in accordance with the provisions of this section. A sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences.

"(2) If a defendant is simultaneously sentenced for criminal offenses that do not arise from the same continuous and uninterrupted course of conduct, or if the defendant previously was sentenced by any other court within the United States to a sentence which the defendant has not yet completed, the court may impose a sentence concurrent with or consecutive to the other sentence or sentences.

"* * * * *

"(4) When a defendant has been found guilty of more than one criminal offense arising out of a continuous and uninterrupted course of conduct, the sentences imposed for each resulting conviction shall be concurrent unless the court complies with the procedures set forth in subsection (5) of this section.

"(5) The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

abuse convictions, to be served concurrently with the other sentences in the case.

Defendant appealed his convictions and sentences. Relying on the Sixth Amendment to the United States Constitution as applied in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), he argued, as he did at trial, that the trial court erred in imposing consecutive sentences on his rape and robbery convictions based on facts not found by a jury or admitted by him. This court affirmed defendant's convictions and sentences without opinion. *State v. Mills*, 215 Or App 112, 168 P3d 338 (2007). *See State v. Tanner*, 210 Or App 70, 150 P3d 31 (2006), *vac'd and rem'd*, 343 Or 554, 173 P3d 831 (2007) (Sixth Amendment right to jury trial does not extend to facts forming basis of imposition of consecutive sentences).

Defendant now petitions for reconsideration of our decision.[2] He argues that, consistently with *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007)—decided after our original decision in this case—he is entitled under the Sixth Amendment to a jury trial of the facts relevant to the imposition of consecutive sentences. In response, the state offers several reasons why, in its view, defendant is not entitled to resentencing. We allow reconsideration and, for the reasons explained below, remand for resentencing.

The state first argues that *Ice* was decided incorrectly by the Oregon Supreme Court and notes that it intends to seek United States Supreme Court review of that decision.[3] We reject that argument without discussion. *See, e.g., State v. Wilson*, 216 Or App 226, 234, 173 P3d 150 (2007) (argument that case was wrongly decided by the Oregon Supreme Court is properly addressed to that court).

Second, the state argues that the jury's verdicts in the guilt phase of defendant's trial adequately established

---

[2] Defendant, who previously petitioned for Supreme Court review of our original decision in his case, also moved for waiver of the 14-day time limitation applicable to petitions for reconsideration and for waiver of the rules relating to the form of such petitions. The state did not object. For reasons of judicial economy, we granted the motions.

[3] *Certiorari* was granted in part by the United States Supreme Court on March 17, 2008. _____ US _____, 128 S Ct 1657 (2008).

the facts on which the trial court based the imposition of consecutive sentences in this case. Specifically, the state argues that, as the court's findings at sentencing purportedly reflect, the jury verdicts themselves demonstrated that each of the consecutively sentenced crimes was not merely an incidental violation of a separate statutory provision in the course of committing more than one crime, but was rather an indication of defendant's willingness to commit more than one criminal offense, as required by ORS 137.123(5)(a). Alternatively, the state argues that the jury's verdicts supported the imposition of consecutive sentences under ORS 137.123(5)(b), because the relevant crimes for which defendant was convicted—kidnapping, rape, and robbery—in effect inherently "caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim," as required under that provision.

The state's argument that the jury's verdict, without more, supports imposition of consecutive sentences under ORS 137.123(5)(a) or (b) cannot prevail in light of the Supreme Court's analysis in *Ice*. Specifically, in *Ice*, the court explained that, under ORS 137.123, consecutive sentences may be imposed "only after the sentencing judge has made certain legislatively required findings. * * * [T]he jury's issuance of multiple guilty verdicts will *only* support concurrent sentences, unless the judge makes the required findings." 343 Or at 265 (emphasis in original); *see also id.* at 267 (concluding that findings made by trial court in that case to meet the requirements of ORS 137.123(2), (4), and (5) for imposition of consecutive sentences were used to "increase the defendant's punishment beyond the aggregate statutory maximum that *the jury's verdict alone would support*") (emphasis added)). Indeed, the court's view that the imposition of consecutive sentences under ORS 137.123 requires factual findings beyond those facts found by a jury in determining a defendant's guilt was the necessary basis for the court's conclusion that that statutory scheme contravenes the principles announced in *Apprendi* and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 S Ct 403 (2004). *See Ice*, 343 Or at 265-66 (so concluding). We recognized as much in *State v. Loftin*, 218 Or App 160, 167, 178 P3d 312 (2008). The state's argument therefore fails.

Finally, the state argues that the trial court was not required in the first instance to make factual findings in order to impose consecutive sentences in this case because, according to the state, ORS 137.123(5)(a) requires the court to make such findings only if it first determines, as a matter of law, that the crimes at issue are of "differing levels of seriousness"—a circumstance that, the state argues, is not present here. That argument was the primary focus of our opinion in *Loftin, see* 218 Or App at 165-70. Having rejected it there, we do so here as well.

Reconsideration allowed; remanded for resentencing; otherwise affirmed.