On respondent's petition for reconsideration filed March 19, reconsideration allowed; former disposition withdrawn; former opinion (218 Or App 160, 178 P3d 312 (2008)) modified and adhered to as modified; affirmed April 29, petition for review denied July 9, 2009 (346 Or 364)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LARRY WAYNE LOFTIN,
*Defendant-Appellant.*

Washington County Circuit Court
C053471CR; A132948

206 P3d 1208

John R. Kroger, Attorney General, Erika L. Hadlock, Acting Solicitor General, and Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for petition.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

**HASELTON, P. J.**

The state petitions, based on *Oregon v. Ice*, 555 US ___ , 129 S Ct 711, 172 L Ed 2d 517 (2009), for reconsideration of our decision in this case. *State v. Loftin*, 218 Or App 160, 178 P3d 312 (2008) (*Loftin I*). For the reasons that follow, we allow reconsideration, adhere to our prior opinion as modified, vacate our prior disposition, and affirm the imposition of the consecutive sentences.

In *Loftin I*, defendant contended that, under the Oregon Supreme Court's then-recent decision in *State v. Ice*, 343 Or 248, 170 P3d 1049 (2007), the trial court had "erred in imposing sentences that were partially consecutive to each other * * * based on the court's finding made pursuant to ORS 137.123(5)(a)." 218 Or App at 162. The state responded that (1) *State v. Ice* was wrongly decided, and (2) in all events, regardless of whether *State v. Ice* was correct, the sentencing court was "right for the wrong reason" because ORS 137.123(5) should be construed in such a way as to render the sentence imposed in *Loftin I* materially distinguishable from that at issue in *State v. Ice*. *See Loftin I*, 218 Or App at 164-65. In particular, the state argued that, because defendant had been convicted of two offenses of equally "serious" crime classification, the trial court was authorized, as a matter of law, to impose a consecutive sentence without any reference to the requirements of ORS 137.123(5), including the requirement of predicate findings.[1] Thus, the state reasoned, although the sentencing court had, in imposing the consecutive sentence, rendered a finding in accordance with ORS

---

[1] ORS 137.123(5) provides:

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

137.123(5), that judicial finding was gratuitous—and, conse-
quently, *State v. Ice* was inapposite. *Loftin I*, 218 Or App at
164-65, 167-68.

We held that *State v. Ice* was controlling, requiring a
remand for resentencing. *Loftin I*, 218 Or App at 170. In so
holding, we addressed in detail, and rejected, the state's
alternative statutory construction argument that the
requirements of ORS 137.123(5), including the requirement
of predicate findings, are inapposite to the circumstance in
which a defendant has been convicted of two or more offenses
of equally "serious" crime classification. *Loftin I*, 218 Or App
at 167-70. That analysis focused on the question of *whether*,
or in what circumstances, predicate findings are required for
the imposition of consecutive sentences—as opposed to the
question (in *Ice*) of *who* must make such findings when they
are required. Thus, our opinion in *Loftin I* addressed and
resolved an important question of Oregon statutory construc-
tion pertaining to the imposition of consecutive sentences
that was, and is, distinct from the constitutional question
presented in *Ice*.

In the wake of *Oregon v. Ice*, our statutory construc-
tion analysis in *Loftin I* could be regarded, retroactively, as
"*dicta*"—after all, that discussion, albeit essential to our dis-
position at that time, would never have been necessary but
for *State v. Ice*. Given that posture, we could as a prudential
matter—as we have in some other *Ice* "second wave" recon-
sideration cases[2]—simply vacate our original opinion in its
entirety and alter our disposition. We decline to do so here
because of the continuing significance, beyond the circum-
stances of this case, of the statutory issue that we properly
and necessarily addressed in *Loftin I*. Rather, we (1) modify
our prior opinion to delete those portions that state that *State
v. Ice* is controlling and requires a remand for resentencing,
*see* 218 Or App at 162, 170; (2) adhere to our prior opinion as
so modified; (3) vacate our prior disposition in light of *Oregon
v. Ice*; and (4) affirm.

---

[2] *See, e.g., State v. Hall*, 227 Or App 504, 206 P3d 282 (2009); *see also State v.
Palfenier*, 228 Or App 233, 206 P3d 1179 (2009); *State v. Hill*, 228 Or App 231, 206
P3d 1218 (2009).

Reconsideration allowed; former disposition withdrawn; former opinion modified and adhered to as modified; affirmed.